[Cite as *State v. Israel*, 2021-Ohio-169.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
UNION COUNTY

STATE OF OHIO,

                                              CASE NO. 14-20-07

    PLAINTIFF-APPELLEE,

    v.

ANDREW JOSEPH ISRAEL,                    O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Union County Common Pleas Court
Trial Court No. 2019-CR-0234

Judgment Affirmed

Date of Decision:  January 25, 2021

APPEARANCES:

    *Alison Boggs* **for Appellant**

    *Raymond Kelly Hamilton* **for Appellee**

**WILLAMOWSKI, P.J.**

{¶1} Defendant-appellant Andrew J. Israel ("Israel") brings this appeal from the judgment of the Court of Common Pleas of Union County finding him guilty of aggravated burglary and sentencing him to an aggregate prison term of six to nine years. On appeal, Israel claims that the trial court failed to consider and weigh the sentencing factors set forth in R.C. 2929.12. For the reasons set forth below, the judgment is affirmed.

{¶2} On October 10, 2019, the Union County Grand Jury indicted Israel on one count of aggravated burglary in violation of R.C. 2911.11(A)(1), a felony of the first degree, and one count of felonious assault in violation of R.C. 2903.11(A)(2), a felony of the second degree. Doc. 1. Israel subsequently entered into a plea agreement where he agreed to enter a plea of guilty to the aggravated burglary charge and the State agreed to dismiss the felonious assault charge. Doc. 22, 24. A presentence investigation ("PSI") was completed and submitted to the trial court. Doc. 27. A sentencing hearing was held on April 15, 2020. *Id*. At that time the trial court sentenced Israel to a minimum sentence of six years in prison with a maximum possible sentence being nine years. *Id*. As part of its judgment entry, the trial court indicated which factors set forth in R.C. 2929.12 were applicable. *Id*. Israel appeals from this judgment and on appeal raises one assignment of error.

> **[Israel's] sentence is contrary to law because the trial court failed to consider and weigh the sentencing factors found in [R.C. 2929.12].**

{¶3} In the sole assignment of error, Israel claims that the trial court failed to consider and weigh the sentencing factors set forth in R.C. 2929.12. A trial court is required to consider the applicable factors set forth in R.C. 2929.12 B-F. A review of the record in this case shows that the trial court did so. Specifically, the trial court noted there was a PSI in this case (containing the various factors) and that the trial court had reviewed it. At the sentencing hearing, the trial court made the following statements.

> **The Court further finds in this case that the following factors apply pursuant to [R.C. 2929.12 (B), (C), (D), (E), and (F)]. No factors under B. No factors under C. Significant under D that at the time of committing the offense the offender was under release or confinement or under sanction imposed pursuant to [R.C. 2929.16, 17, or 18], specifically, under community control. And I believe that was from Crawford County. That he's previously been adjudicated a delinquent child or has a history of criminal convictions. The latter is what's applicable in this case. And 3.), [sic] that he has not been rehabilitated to a satisfactory degree after being adjudicated a delinquent child, or has not responded favorably to sanctions previously imposed for criminal convictions. No showing of remorse in this case. No factors under E or F. The Court further finds that the defendant * * * has an ORAS score of 21, risk level of moderate, PSI recommendation of prison.**

Tr. 8-9. The trial court reflected these findings in its judgment entry. Doc. 27.

{¶4} We note that Israel disagrees with the determinations of the trial as to mitigation, but that is not error. "Voluntary intoxication generally deserves little weight as a mitigating factor." *State v. Johnson,* 112 Ohio St.3d 210, 2006-Ohio-6404, ¶ 305, 858 N.E.2d 1144. A trial court must consider the factors, but it is not

required to find that the evidence establishes the mitigating factors. *State v. Lott*, 51 Ohio St.3d 160, 171, 555 N.E.2d 293 (1990). "In fact, the assessment and weight to be given mitigating evidence are matters for the trial court's determination." *Id*. The trial court clearly considered and weighed the statutory factors set forth in R.C. 2929.12 in this case. Thus, the assignment of error is overruled.

{¶5} Having found no error in the particulars assigned and argued, the judgment of the Court of Common Pleas of Union County is affirmed.

*Judgment Affirmed*

**SHAW and ZIMMERMAN J.J., concur.**

**/hls**